Mr. Justice Clayton
delivered the opinion of the court.
This is a contest for priority between two judgment creditors. Lofland’s original judgment was obtained in May, 1843; on the forfeited forthcoming bond in October, 1843. The attorneys of Lofland on the 6th of May, 1844, agreed with the defendant, that they would stay the execution until after the sitting of the May court, 1844, upon his giving collateral security, which was done.
Martin’s judgment was obtained by confession in May, 1843, with a stay of execution for six months; bond forfeited 6th May, 1844. An execution issued, which was returned October 5th, 1844, held up by plaintiff. On 11th December, 1844, another execution issued, on which some money was made. On 1st August, 1845, a pluries issued, which was levied upon a lot, the sale of which produced the money in controversy.
In Lofland’s case, an alias execution issued 9th December, 1844, on which some money was made, and about which there was a controversy between Lofland and Martin, at the May term, 1845, which it is not now necessary to notice. On the 18th September, 1845, a pluries execution issued, which was also levied on the lot, which produced the money in controversy.
Both parties complied with the law in regard to enrolling judgments in due time.
It will thus be seen, that Lofland’s'judgment is prior in time ; but Martin contends, that it is postponed because of indulgence granted upon it to the defendant.
The indulgence granted by Lofland extended from the 6th of May, 1844, till the close of the term of the Lafayette circuit court, then next following, a period of some three or four weeks. We need not decide whether, by this act, Martin’s judgment obtained priority; because to the November term, 1844, of the *356 court, Martin’s execution was returned by the sheriff, “ held up by plaintiff.” This return was prima facie evidence of the fact; and there was no attempt to rebut it. This was decided at the present term, in Talbert v. Milton. We must attach the same effect to this act of Martin, which is given to the act of Lofland. If by the act of one, the lien was postponed, the same consequence must follow from the like act of the other. The court below so decided; and
The judgment is affirmed.